## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **COREY WELLS,** | ) | **CASE NO. 4:07CV3141** |
| **Plaintiff,** | ) | |
| v. | ) | **ORDER ON** |
| | ) | **INITIAL REVIEW** |
| **ROBERT HOUSTON,** | ) | |
| **Defendant.** | ) | |

The petitioner has previously been given provisional leave to proceed In Forma Pauperis ("IFP") (Filing No. 8). The court has conducted an initial review of the habeas corpus petition (filing no. 1), to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court.

Condensed and summarized for clarity, the ten claims asserted by the petitioner are these:

Claim One: The petitioner's conviction was obtained as a result of ineffective assistance of counsel at the pre-trial stage of the state court proceedings because counsel did not file a motion to suppress evidence obtained in a traffic stop; counsel refused or failed to file proper discovery motions; counsel failed to get critical information that was in the possession of the state prosecution; counsel did not properly prepare for trial; and counsel attempted to coerce petitioner into entering a plea agreement.

Claim Two: The petitioner's conviction was obtained as the result of ineffective assistance of counsel at his trial because counsel failed to object to the actions of the prosecution, such as introducing irrelevant evidence, and introducing the testimony of a witness that prejudiced petitioner; counsel failed to hold the prosecution to its burden of proof on each and every element of the case; counsel failed to challenge conflicting evidence presented at trial; counsel failed to challenge witness credibility; and counsel did not argue that there was a lack of probable cause.

| | |
|---|---|
| Claim Three: | The petitioner's conviction was obtained as a result of ineffective assistance of counsel because his defense counsel did not advise him of his right to a jury trial. |
| Claim Four: | The petitioner's conviction was not supported by the evidence presented at trial; he was actually innocent of the crimes; and the state failed to meet its burden of proof. |
| Claim Five: | The petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel because counsel was not prepared for appellate arguments; counsel failed to communicate with petitioner before filing the appeal; counsel failed to point out the insufficiency of the evidence presented at trial; and counsel failed to challenge the probable cause supporting the traffic stop. |
| Claim Six: | The petitioner's conviction was obtained as the result of an illegal search and seizure in violation of the Fourth Amendment. |
| Claim Seven: | The petitioner was not read his Miranda rights. |
| Claim Eight: | The petitioner was denied a right to direct appeal because the appellate courts did not properly review the errors that petitioner raised to the court; refused to accept petitioner's amendment, supplemental motions and requests for hearings; refused to appoint competent counsel; and did not review the case de novo. |
| Claim Nine: | The petitioner was denied post-conviction relief because he was denied an evidentiary hearing and was not allowed to amend his post-conviction motion. |
| Claim Ten: | The petitioner was denied a right to direct appeal of his post-conviction motions, and was denied further review of appellate court rulings. |

Liberally construed, the court preliminarily decides that all claims are potentially cognizable in federal court.  However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Petitioner seeks an evidentiary hearing and the appointment of counsel (Filing No. 1 ¶ 5). At this stage in the proceedings, the court concludes that an evidentiary hearing is not warranted. With respect to the petitioner's request for appointed counsel, "[t]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS ORDERED:

(1) Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: the ten claims described in the body of this memorandum.

(2) Petitioner's requests for the appointment of counsel and an evidentiary hearing (filing no. 1 ¶ 5) are denied without prejudice to reassertion.

(3) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(4) By October 5, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro

se case management deadline in this case using the following text: summary judgment or answer deadline expires October 5, 2007.

(5) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

    D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

    E. No later than 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

    F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.

(6) If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

    A. The answer shall be accompanied by a separate brief. The answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any

4

claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

B. The answer shall be supported by all state court records. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

D. No later than 30 days following the filing of the answer, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later that 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(7) No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 22nd day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5