IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **COREY WELLS,** | ) | **CASE NO. 4:07CV3141** |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Defendant's Motion for Summary Judgment (Filing No. 10). The Petitioner opposes the motion, and the matter has been fully briefed. (Filing Nos. 11, 15). For the reasons that follow, the motion will be granted, and judgment shall be entered in favor of the Defendant.

*Standard of Review*

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

### *Undisputed Facts*

The Petitioner, Corey Wells, filed a petition for a writ of habeas corpus with this Court on May 31, 2007, relating to his conviction for driving during revocation by the County Court of Douglas County, Nebraska. (Filing No. 1) Wells was convicted of the offense on July 7, 2004, and he was sentenced to 180 days in the Douglas County Corrections Center and was credited with 129 days served. (Filing No. 9, State Court Records, Attachment 2).

Records from the Douglas County Department of Corrections show that Wells had fully served his sentence for the driving during revocation offense on July 20, 2004. (*Id.,* Attachment 4). Wells remained in custody after that date on a separate matter. (Id.). Procedurally, Wells's conviction and sentence were affirmed by the District Court of Douglas County, and later by the Nebraska Court of Appeals. (*Id.* Attachments 1, 2). Further review was denied by the Nebraska Supreme Court. *(Id.,* Attachment 2). Wells's motion for post conviction relief in the state district court was denied, and the Nebraska Court of Appeals dismissed the appeal of that order pursuant to the appellee's suggestion of mootness. (*Id.,* Attachments 3, 4). At that time, Wells was not in custody, and Wells conceded that he had fully served the sentence for his driving during revocation conviction. Further review was denied. (*Id.,* Attachment 4).

*Analysis*

When a petitioner has fully served his sentence before he filed a habeas petition, the conviction is no longer subject to collateral attack. *See, e.g., Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The Supreme Court has stated:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in post conviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. . . . These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim. *See, e.g., United States v. Olano*, 507 U.S. 725, 731... (1993) ("No procedural principle is more familiar to this Court than that a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" . . ..). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the

3

'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

*Daniels v. United States*, 532 U.S. 374, 381 (2001).

Wells argues that the conviction was obtained in violation of the law, and that the lower courts never address alleged errors or issues on the merits. The undisputed evidence of state court records demonstrates that Wells's claims are without merit. (Filing No. 9, all pages). Because Wells had fully served his sentence for the underlying offense as of July 20, 2004, his petition for a writ of habeas corpus, filed on May 31, 2007, will be denied. The Petition for Habeas Corpus is barred by the conclusive validity of his conviction that attaches because Wells wholly served his sentence before the Petition was filed. Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Summary Judgment (Filing No. 10) is granted; and

2. A separate judgment dismissing the petition will be entered.

DATED this 28th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge